```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MICHAEL J. PAVLOCK,**

       **Appellant,**

**v.**                           **CIVIL ACTION NO. 1:15CV131**
                                      **CIVIL ACTION NO. 1:15CV132**
                               **// CIVIL ACTION NO. 1:15CV191**
                                            **(Judge Keeley)**

**GOLDEN INVESTMENT**
**ACQUISITIONS, LLC,**

       **Debtor,**
       **Appellee.**

## MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT

Pending are appeals of certain rulings in the Chapter 7 bankruptcy of Golden Investment Acquisitions, LLC ("Debtor"), being administered in the United States Bankruptcy Court for the Northern District of West Virginia.[1] The <u>pro se</u> appellant, Michael J. Pavlock ("Pavlock"), appeals two orders entered by the Honorable Patrick M. Flatley, United States Bankruptcy Judge ("Bankruptcy Court"), on July 10, 2015, in Bankruptcy Case No. 1:07-BK-746 ("Chapter 7 Case") and Adversary Proceeding No. 1:09-ap-36 ("Adversary Proceeding").[2]

---

[1] On April 27, 2016, after giving the appellant several extensions of time to file his brief, the Court dismissed these appeals pursuant to Fed. R. Bankr. P. 1018(a)(4) (Dkt. No. 26). Thereafter, the appellant sought another extension, which was granted in part, and the Court reopened the case (Dkt. No. 30).

[2] Throughout this order, citations to documents in these two cases will be denoted respectively as "BK Dkt. No. X" and "AP Dkt. No. X." Pavlock failed to file a designation of items to be included on the record for his appeal, prompting the Clerk of the

**PAVLOCK V. GOLDEN INVESTMENT**   1:15CV131
 1:15CV132
 1:15CV191

**MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT**

**I. JURISDICTION AND STANDARD OF REVIEW**

Title 28 U.S.C. § 158(a) provides that the district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees . . . of bankruptcy judges." To be "final," an order must "resolve the litigation, decide the merits, settle liability, establish damages, or determine the rights" of a party to the bankruptcy case. In re Looney, 823 F.2d 788, 790 (4th Cir. 1987).

When a district court reviews a bankruptcy court's decision, it reviews "findings of fact for clear error and conclusions of law de novo." In re Kielisch, 258 F.3d 315, 319 (4th Cir. 2001) (quoting In re Deutchman, 192 F.3d 457, 459 (4th Cir. 1999)). A finding of fact is clearly erroneous only if the Court is "left with 'a firm and definite conviction that a mistake has been committed.'" In re Taneja, 743 F.3d 423, 429 (4th Cir. 2014) (quoting Klein v. PepsiCo, Inc., 845 F.2d 76, 79 (4th Cir. 1988)). Denial of a motion under Fed. R. Civ. P. 59(e) is reviewed for abuse of discretion. Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 407 (4th Cir. 2010). An abuse of discretion occurs when the

---

United States Bankruptcy Court of the Northern District of West Virginia to itemize and file documents related to Pavlock's notice of appeal (Civil No. 1:15cv131, Dkt. No. 15). The Court has considered those documents as well as other Bankruptcy Court docket entries to which it has access.

2

court fails to take relevant factors into account or acts under legal or factual misconceptions. Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 402-03 (4th Cir. 1998).

## II. BACKGROUND

Several of the Bankruptcy Court's prior rulings are particularly relevant to these appeals. First, in August 2012, that court concluded that Pavlock did not have standing to participate in the Chapter 7 Case because he is not a party in interest. Pavlock is not a member of the Debtor - a fact he admitted - and never filed a proof of claim in the Chapter 7 Case (BK Dkt. No. 385 at 3-4; Civil No. 1:15cv131, Dkt. No. 36-3).

In the same order, the Bankruptcy Court also reasoned that Pavlock did not have standing to represent Robert Konchesky's supposed equitable interest in the "DeWitt property." Id. at 5.[3] At that time, the Bankruptcy Court also disposed of Pavlock's contentions, reasserted later (BK Dkt. No. 665 at 13), that the money to purchase the DeWitt property was provided by Mr. Konchesky on Pavlock's behalf (BK Dkt. No. 385 at 4-5). Pavlock unsuccessfully attempted to appeal these rulings.

---

[3] Pavlock participated in the hearing on these issues by telephone (BK Dkt. No. 385 at 2-3).

Later, in March 2014, the Bankruptcy Court denied Pavlock's request to remove the Trustee, echoing its prior reasoning and again concluding that Pavlock lacked standing to participate in the Chapter 7 Case (BK Dkt. No. 605 at 4-5). The Bankruptcy Court also denied Pavlock's subsequent motion to reconsider the ruling (BK Dkt. No. 627). Pavlock did not appeal either of the orders.

### III. DISCUSSION

Pavlock now appeals the Bankruptcy Court's denial of four motions, discussed in more detail below. The only error that Pavlock specifically assigns, however, is that the Bankruptcy Court should not have ignored his allegations that the Chapter 7 Case has been "corrupted" (Civil No. 1:15cv131, Dkt. No. 33 at 3). He presents a factual narrative concerning alleged misconduct by Craig Golden, the Debtor's former managing member, as well as other individuals. In addition, Pavlock renews his arguments, all familiar to the Bankruptcy Court, that the allegedly improper investigation and prosecution of his criminal case "has upended any integrity within" the Debtor's bankruptcy case. Id. at 7. He asserts that the Assistant United States Attorney who prosecuted his criminal case engaged in a "cover up of malfeasance within" the

4

Debtor, which has led to improper rulings by the Bankruptcy Court. Id. at 5.

These assertions reflect what the Court has noted in the past: "Every motion Pavlock files, regardless of the title, contains the same or similar information regarding an alleged scheme by the government to defraud him" (Criminal No. 1:10cr7-1, Dkt. No. 684 at 3). The allegations of misconduct and fraud, however, had no significant bearing on the Bankruptcy Court's rulings, and they are irrelevant to the issues on appeal.

For relief, Pavlock seeks remand to the Bankruptcy Court, requests the initiation of evidentiary proceedings to investigate alleged fraud, and asks the "Court to acknowledge the possibility that a cascade of fraudulent acts were committed" by various parties (Civil No. 1:15cv131, Dkt. No. 33 at 7). For the reasons that follow, the Court **AFFIRMS** the Bankruptcy Court.

**A.	Motion to Reconsider**

On November 3, 2014, Pavlock moved to stay all proceedings in both the Chapter 7 Case and the Adversary Proceeding pending a United States Department of Justice ("DOJ") investigation that he anticipated would commence after he filed a complaint with both the DOJ's Public Integrity Section of the Criminal Division and its

**PAVLOCK V. GOLDEN INVESTMENT**                                    **1:15CV131**
                                                                     **1:15CV132**
                                                                     **1:15CV191**

**MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT**

Office of Professional Responsibility (BK Dkt. No. 630; AP Dkt. No. 529). In the alternative, he asked the Bankruptcy Court to use "its inherent powers to order an evidentiary hearing" to investigate alleged malfeasance. Id. at 43.

The Bankruptcy Court denied that motion on March 27, 2015 (BK Dkt. No. 650; AP Dkt. No. 552), reasoning that Pavlock's three pending appeals did not justify a stay because Pavlock had not shown a likelihood that he would succeed on the merits of his appeals. Id. at 3-4.[4] The Bankruptcy Court also declined to stay the cases pending a possible DOJ investigation, as such an investigation could proceed independent of the court. Id. at 5. Finally, because the case was nearing completion and Pavlock's fraud allegations were by no means novel, the Bankruptcy Court decided not to exercise its statutory and inherent powers to undertake an investigation of alleged malfeasance. Id. at 5-6.

On April 20, 2015, pursuant to Fed. R. Bankr. P. 9023, Pavlock moved the Bankruptcy Court to reconsider its denial of his motion to stay ("Motion to Reconsider") (BK Dkt. No. 654; AP Dkt. No. 557). He asserted that "new evidence" of his standing, which he

---

[4] Indeed, on August 10, 2015, this Court affirmed the Bankruptcy Court in each of those three appeals (Civil Nos. 1:14cv207, 1:14cv208, 1:14cv209).

6

attached to a separate motion, would convince the Bankruptcy Court to reverse its prior decision. Id. at 1-2. In support, he claimed that presentation of the newly discovered evidence "was impeded by Craig Golden's previous concealment of records." Id. at 2.

The Bankruptcy Court denied Pavlock's Motion to Reconsider on July 10, 2015 (BK Dkt. No. 670; AP Dkt. No. 577). Although noting that it did have the authority to reconsider an order on the basis of new evidence, the Bankruptcy Court declined to do so. "Other than broadly stating that the documents were concealed from him by Craig Golden, Mr. Pavlock ha[d] not demonstrated that the documents were not available" prior to the Bankruptcy Court's order denying his motion for a stay. Id. at 3.

Fed. R. Bankr. P. 9023 incorporates Fed. R. Civ. P. 59(e), which permits parties to file "[a] motion to alter or amend a judgment." A judgment may be amended to accommodate a change in law, to account for new evidence, or to correct a clear error of law. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1981). To rely on "newly discovered evidence in [a] Rule 59(e) motion," there must be a "legitimate justification for not presenting the evidence during the earlier proceeding." Pac. Ins. Co., 148 F.3d at 403

7

(quoting Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)) (internal quotation omitted).

After reviewing the allegedly "new" evidence, the Court has not identified any error in the Bankruptcy Court's finding that Pavlock failed to demonstrate that the evidence was previously unavailable. The most recent documents that Pavlock provided are from 2011 (BK Dkt. No. 655-2 at 35),[5] and the substantial majority are from prior to 2010, stretching as far back as 1994. Moreover, in this appeal, Pavlock has not presented a single argument, much less a "legitimate justification," concerning why he could not have presented the evidence when he originally moved to stay the case. See Pac. Ins. Co., 148 F.3d at 403. Therefore, the Court **AFFIRMS** the Bankruptcy Court's denial of Pavlock's Motion to Reconsider (BK Dkt. No. 670; AP Dkt. No. 577).

**B.	Motion to Intervene and Motion to Supplement**

On April 20, 2015, Pavlock filed a motion styled "Motion for Intervention; Right To Be Heard, Pursuant to Federal Rules of Civil Procedure Rule 24(a)(2); Which Is Incorporated for Bankruptcy Actions by Federal Rules of Bankruptcy Procedure Rule 2018; and

---

[5] This excludes certain 2012 correspondence involving Pavlock himself (BK Dkt. No. 655-2 at 41-50).

8

**MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT**

Pleading Special Matter Pursuant to Federal Rules of Civil Procedure Rule 9(b); Which Is Incorporated for Bankruptcy Actions by Federal Rules of Bankruptcy Procedure Rule 7009" ("Motion to Intervene") (BK Dkt. No. 655; AP Dkt. No. 558). On July 10, 2015, in the same order in which it denied Pavlock's Motion to Reconsider, the Bankruptcy Court denied his Motion to Intervene (BK Dkt. No. 670; AP Dkt. No. 577),[6] concluding that, because he was already a party to the Adversary Proceeding, there was no basis for Pavlock to intervene in that proceeding under Fed. R. Civ. P. 24 or Fed. R. Bankr. P. 7024. Id. at 3.[7] It reaffirmed its prior rulings that Pavlock lacked standing to participate in the Chapter 7 Case, and it further reasoned that he did not have an economic interest that would permit him to intervene under Fed. R. Bankr. P. 2018(a). Id. at 4-5.

On appeal, Pavlock does not make any legal argument concerning the Bankruptcy Court's ruling. Instead, he asserts that the

---

[6] Pavlock also moved to supplement his Motion to Intervene with additional evidence of alleged fraud (BK Dkt. No. 665; AP Dkt. No. 569), but the Bankruptcy Court denied that motion when it denied his Motion to Intervene for lack of standing or any economic interest (BK Dkt. No. 670; AP Dkt. No. 577).

[7] It is clear that Pavlock cannot intervene in the Adversary Proceeding to which he is already a party, and he makes no argument to the contrary on appeal.

Bankruptcy Court failed to properly account for his allegations of fraud and corruption (Civil No. 1:15cv131, Dkt. No. 33 at 3). The Court has not identified any error in the Bankruptcy Court's ruling. To have standing in a bankruptcy proceeding, one must be a "party in interest." A party in interest is any person "whose pecuniary interests are directly affected by the bankruptcy proceedings." In re Hutchinson, 5 F.3d 750, 756 (4th Cir. 1993). In the orders on appeal, the Bankruptcy Court relied heavily on its previous rulings that Pavlock lacks such standing.

Those rulings are final orders that determined Pavlock's rights in the litigation. He either failed to challenge or unsuccessfully challenged them on appeal, and they now stand as the law of the Chapter 7 Case. Agostini v. Felton, 521 U.S. 203, 236 (1997) (noting that, under the law of the case doctrine, "a court should not reopen issues decided in earlier states of the same litigation"). In the absence of evidence that those rulings were "clearly erroneous [or] would work a manifest injustice," id., the Bankruptcy Court properly applied its prior decisions to conclude that Pavlock does not have standing as a party in interest to intervene in the Chapter 7 Case.

Moreover, the Bankruptcy Court properly concluded that Pavlock cannot intervene in the Chapter 7 Case under Fed. R. Bankr. P. 2018(a). Under that rule, the Bankruptcy Court may permit an interested party to intervene if it establishes, among other things, that it "has an economic or similar interest in the matter." Pasternak & Fidis, P.C. v. Wilson, 2014 WL 4826109 (D. Md. 2014) (citing In re Ionosphere Clubs, Inc., 101 B.R. 844, 853 (Bankr. S.D.N.Y. 1989)) (unpublished memorandum opinion).

In his Motion to Intervene, Pavlock appeared to assert that, regardless of his lack of standing, he had economic interests warranting intervention. He argued that he had an interest in the "Gratz Matter," a claim made by the Chapter 7 Trustee in the Adversary Proceeding, and apparently again sought to pursue claims for Robert Konchesky (BK Dkt. No. 659 at 4-5).

Initially, because Pavlock is not a party in interest in the Chapter 7 Case, and will in no event share in its distribution, it is impossible for him to have an economic interest in a recovery by the Chapter 7 Trustee in the Adversary Proceeding. In addition, the Bankruptcy Court properly concluded that Pavlock has no economic interest by reason of Mr. Konchesky's purported interest. Not only were Mr. Konchesky's claims in the Chapter 7 Case disallowed (BK

Dkt. No. 570; Civil No. 1:15cv131, Dkt. No. 36-3 at 7-8), but the Bankruptcy Court previously ruled that Pavlock lacked standing to pursue his interests (BK Dkt. No. 670 at 4). This too stands as the law of the case, and the Bankruptcy Court properly applied it. Therefore, the Court **AFFIRMS** the Bankruptcy Court's denial of Pavlock's Motion to Intervene and his motion to supplement (BK Dkt. No. 670; AP Dkt. No. 577).

**C.   Objections to Trustee's Final Report**

On February 13, 2015, the Chapter 7 Trustee filed his final report in the Chapter 7 Case (BK Dkt. No. 639). On March 16, 2015, Pavlock objected to the final report and requested a hearing on his objections (BK Dkt. Nos. 647; 648). In an order dated July 10, 2015, the Bankruptcy Court overruled Pavlock's objections and denied his motion for a hearing (BK Dkt. No. 671). It did so because Pavlock lacked standing as a party in interest. Id. at 2-3.

Again, for the reasons discussed above, the Bankruptcy Court properly applied its prior rulings on Pavlock's standing to his persistent attempts to participate in the Chapter 7 Case. Therefore, the Court **AFFIRMS** the Bankruptcy Court decision overruling Pavlock's objections, as well as its denial of his simultaneous request for a hearing (BK Dkt. No. 671).

**PAVLOCK V. GOLDEN INVESTMENT**                                        1:15CV131
                                                                        1:15CV132
                                                                        1:15CV191

## **MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT**

### IV. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Bankruptcy Court, **DISMISSES** these appeals, and **DENIES as moot** Pavlock's Motion for Rehearing filed in Civil Action Nos. 1:15cv131 (Dkt. No. 31), 1:15cv132 (Dkt. No. 29), and 1:15cv191 (Dkt. No. 17).

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and to the pro se appellant by certified mail, return receipt requested. It further **DIRECTS** the Clerk to enter a separate judgment order and to remove this case from the Court's active docket.

DATED: January 27, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE